UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DALE BRITT BENDLER<br><br>Defendant. | Case No. 1:25-CR-00109-RDA |

DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF
EXCULPATORY MATERIALS AND REQUEST FOR CIPA HEARING

Defendant, Dale Britt Bendler, files this Motion to Compel the Production of Exculpatory Materials and Request for CIPA Hearing. In support of the motion, he states the following:

1. On April 23, 2025, Mr. Bendler pled guilty to one count of Acting as An Agent of a Foreign Principal While Being a Public Official, in violation of 18 U.S.C. § 219, and one count of Unauthorized Removal and Retention of Classified Documents and Materials, in violation of 18 U.S.C. § 1924 (the "offenses"). In doing so, Mr. Bendler admitted his guilt and accepted responsibility as to the alleged offenses. (Doc 8) (the "Plea Agreement").

2. It is now up to the Court to fashion the appropriate sentence, which requires the Court—and the defense—to have a full and accurate picture of the relevant facts. Not all FARA offenses and classified retention cases are created equal.

1

For example, failing to lock a SCIF safe overnight is very different from copying satellite-surveillance blueprints.

3. Upon review of classified material, in a classified environment, and upon meeting with counsel for the government, counsel for Mr. Bendler became aware of facts and material, some of which are classified, that weigh heavily on the appropriate sentence in this case and should be disclosed pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. Mr. Bendler met and conferred with the government in an effort to gain access to the material favorable to his sentencing, short of seeking the Court's intervention, yet such efforts were unproductive.

4. Thus, Mr. Bendler brings this motion, which seeks the unclassified materials described below, and requests a hearing pursuant to the Classified Information Procedures Act, codified under 18 U.S.C.A. App. III. §§ 1–16, regarding other classified materials not identified herein (collectively "the Documents").

5. The Documents bear directly on the facts alleged in the government's sentencing memorandum (Doc 25) and on classified documents submitted to the Court. The Documents add important context to the government's narrative, context which will be critical to this Court's decision as to sentencing.

6. The unclassified requests include the following:

   a. An "outside activities request" submitted by Mr. Bendler to the CIA's Office of Security on or about July or August of 2017 seeking written approval to work for his consulting firm.

    b. An "outside activities request" submitted by Mr. Bendler to the CIA's Office of Security on or about July or August of 2017 seeking written approval to perform work for Foreign Principal 1.

    c. An email written by Mr. Bendler to the CIA's Office of General Counsel in the early part of 2018 seeking guidance as to the performance and acceptability of his private sector consulting work.

7. The exact dates for when the Documents were generated are not entirely known to Mr. Bendler and the dates provided above are an approximate estimation.

8. In *Brady*, the United States Supreme Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to *punishment*, irrespective of the good faith or bad faith of the prosecution." 373 at 87 (emphasis added).

9. In accordance with the Plea Agreement, Mr. Bendler is entitled to obtain evidence favorable to his sentencing and as mandated by *Brady*. (Doc 8 at 4).

10. "Both information that undermines the prosecution's case and information that supports the defendant's case constitute *Brady* material that *must* be disclosed." *United States v. Dugan*, 136 F.4th 162, 170 (4th Cir. 2025) (quoting *Nicolas v. Atty. Gen. of Maryland*, 820 F.3d 124, 129 (4th Cir. 2016)) (emphasis added).

11. "To establish a *Brady* claim, the defendant must demonstrate three things: '(1) the evidence at issue must be favorable to the defendant, whether directly exculpatory or of impeachment value; (2) it must have been suppressed by the state,

whether wilfully or inadvertently; and (3) it must be material.'" *United States v. Bros. Const. Co. of Ohio*, 219 F.3d 300, 316 (4th Cir. 2000) (quoting *Spicer v. Roxbury Correctional Inst.*, 194 F.3d 547, 555 (4th Cir.1999)).

12. Evidence is deemed "material" when there is a "reasonable probability" that its disclosure will affect the results of the sentencing proceeding. *United States v. Beckford,* 962 F. Supp. 780, 785 (E.D. Va. 1997) (citing *United States v. Bagley,* 473 U.S. 667, 682 (1985)).

13. First, the Documents are favorable to Mr. Bendler at sentencing. He acknowledges his culpability but believes it is important to provide an accurate picture of what he did and did not do in the facts giving rise to this case. Specifically, he believes that the Documents will provide an accurate and more favorable description of his actions, especially as to his intent. To wit, the Documents show that: (1) Mr. Bendler was forthcoming with the United States regarding his private sector work; (2) Mr. Bendler sought legal guidance from the United States as to the performance of his private sector work; and (3) Mr. Bendler was not motivated by personal enrichment at the expense of his country.

14. Second, despite the favorable nature of the Documents, the United States has not made the Documents available to Mr. Bendler and is refusing to do so. Indeed, undersigned counsel has met and conferred with counsel for the United States regarding the Documents and, while counsel for the United States acknowledges their existence, counsel for the United States is unwilling to make the Documents available to Mr. Bendler for his sentencing.

15. Mr. Bendler has no alternative method of obtaining the Documents unless made available to him by the United States.

16. Irrespective of Mr. Bendler's request for the Documents, the United States is under an affirmative duty to make exculpatory documents available to a criminal defendant. *Kyles v. Whitley*, 514 U.S. 419, 432, 433 (1995).

17. Third, the Documents requested by Mr. Bendler are material to sentencing as there is at least a "reasonable probability" that the Documents will affect this Court's decision as to the sentence Mr. Bendler receives.

18. A CIPA hearing, pursuant to 18 U.S.C.A. App. III. § 6, is necessary for Mr. Bendler to bring other classified matters to the Court's attention and as part of his request for classified material subject to *Brady*.

19. Mr. Bendler requests this hearing occur in advance of sentencing, which is currently scheduled for November 20, 2025.

WHEREFORE, Defendant respectfully requests that this Court: (1) enter an order compelling the United States to disclose and make available to Defendant all of the Documents identified in this motion—including any responses by the government to those Documents and all summaries, memoranda, and investigation materials which reference the Documents—and all other evidence which may be exculpatory, or tend to mitigate the severity of Defendant's sentence, per the government's obligations under *Brady;* and (2) hold a hearing pursuant to the Classified Information Procedures Act to discuss the classified material involved in Mr. Bendler's *Brady* request.

Dated: November 7, 2025					Dale Britt Bendler

								By Counsel

								*/s/     Jesse R. Binnall*
								Jesse R. Binnall, VSB No. 79292
								Jared J. Roberts, VSB No. 97192
								717 King Street, Suite 200
								Alexandria, Virginia 22314
								Phone: (703) 888-1943
								Fax: (703) 888-1930
								Email: jesse@binnall.com
								         jared@binnall.com
								*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/     *Jesse R. Binnall*
Jesse R. Binnall

*Counsel for Defendant*